## In re LITERARY WORKS IN ELECTRONIC DATABASES COPYRIGHT LITIGATION.

v.

Thomson Corporation, Dialog Corporation, Gale Group, Inc., West Publishing Company, Inc., Dow Jones & Company, Inc., Dow Jones Reuters Business Interactive, LLC, Knight Ridder Inc., Knight Ridder Digital, Mediastream, Inc., Newsbank, Inc., Proquest Company, Reed Elsevier Inc., Union–Tribune Publishing Company, New York Times Company, Copley Press, Inc., Ebsco Industries, Inc. and Participating Publisher Tribune Company, Defendants–Appellees,

Michael Castleman Inc., E.L. Doctorow, Tom Dunkel, Andrea Dworkin, Jay Feldman, James Gleick, Ronald Hayman, Robert Lacey, Ruth Laney, Paula Mcdonald, P/K Associates, Inc., Letty Cottin Pogrebin, Gerald Posner, Miriam Raftery, Ronald M. Schwartz, Mary Sherman, Donald Spoto, Robert E. Treuhaft And Jessica L. Treuhaft Trust, Robin Vaughan, Robley Wilson, Marie Winn, National Writers Union, The Authors Guild, Inc. and American Society of Journalists and Authors, Plaintiffs–Appellees,

Edward Roeder, Appellant.

Docket Nos. 05–5943–cv(L), 06–0223–cv(CON) *.

United States Court of Appeals, Second Circuit.

Argued: March 7, 2007.

Decided: Nov. 29, 2007.

* The appeal filed under Docket No. 06–0223–cv(CON) was dismissed by Court Order on May 17, 2006.

Charles D. Chalmers, Fairfax, CA, for Objectors–Appellants.

Charles S. Sims, Proskauer Rose LLP, New York, N.Y. (Stephen Rackow Kaye, Joshua W. Ruthizer, Proskauer Rose LLP; Kenneth Richieri, George Freeman, The New York Times Company, New York, NY; Henry B. Gutman, Simpson Thacher & Bartlett, New York, NY; James F. Rittinger, Satterlee Stephens Burke & Burke, New York, NY; Jack Weiss, Gibson Dunn & Crutcher LLP, New York, NY; Juli Wilson Marshall, Latham & Watkins, Chicago, IL; Ian Ballon, Greenberg Traurig LLP, Santa Monica, CA; Michael Denniston, Bradley, Arant, Rose & White, LLP, Birmingham, AL; Christopher M. Graham, Levett Rockwood P.C., Westport, CT; Raymond Castello, Fish & Richardson PC, New York, NY, on the brief), for Defendants–Appellees.

Michael J. Boni, Kohn Swift & Graf, P.C., Philadelphia, PA (Joshua D. Snyder, Kohn Swift & Graf, P.C.; Diane S. Rice,

Hosie MacArthur LLP, San Francisco, CA; A.J. De Bartolomeo, Girard Gibbs & De Bartolomeo LLP, San Francisco, CA; Gary Fergus, Fergus, A Law Firm, San Francisco, CA, on the brief), for Plaintiffs–Appellees.

Before: WINTER, WALKER, and STRAUB, Circuit Judges.**

Judge WALKER dissents in a separate opinion.

STRAUB, Circuit Judge:

This class action copyright litigation arises from the unauthorized electronic reproduction of various written works. Named plaintiffs and class members consist mainly of freelance writers who contracted with publishers to author the works for publication in print media, and retained the copyrights in those works. The contracts did not grant the publishers the right to electronically reproduce those works or license them for electronic reproduction by others. But the publishers did so anyway.

Plaintiffs then brought this class action on the theory that such electronic reproduction infringed their copyrights. After years of negotiations, class and defense counsel finally agreed on a settlement. Following lengthy motion practice, the District Court for the Southern District of New York certified a class and approved the settlement. We review that order and judgment on this appeal.

The overwhelming majority of claims within the certified class arise from the infringement of unregistered copyrights. We have held, albeit outside the class action context, that district courts lack statutory subject matter jurisdiction over infringement claims arising from unregistered copyrights. *See Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 115 (2d Cir.2003); *Morris v. Bus. Concepts, Inc.*, 259 F.3d 65, 72 (2d Cir. 2001). The District Court never specifically addressed this potential jurisdictional flaw.

The precise issue on appeal is whether the District Court had jurisdiction to certify a class consisting of claims arising from the infringement of unregistered copyrights and to approve a settlement with respect to those claims. We hold that it did not. We therefore vacate its order and judgment and remand the case for proceedings consistent with this opinion.

## BACKGROUND

In *New York Times Co. v. Tasini*, 533 U.S. 483, 488, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001), the Supreme Court held that § 201(c) of the Copyright Act does not permit publishers to reproduce freelance works electronically when they lack specific authorization to do so. *Tasini* effectively requires publishers wishing to electronically reproduce written works to obtain a separate license to do so. Shortly after the Court decided *Tasini*, three preexisting class action infringement suits, which had been suspended pending the decision, were activated and consolidated in the Southern District of New York. A fourth, nearly identical action was coordinated with that consolidated action. Together, these claims comprise the instant litigation.

In this case there are basically two kinds of plaintiffs: individual authors and trade groups representing authors. Defendants

---

** As putative members of the class, Judges Winter and Walker have filed contemporaneously a separate opinion explaining their decision against recusal in this case. *See In re: Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 2007 WL 4197418 (2d Cir. Nov. 29, 2007).

also fall into two classes: companies that publish original electronic content, such as the New York Times Co., and companies that operate databases that license content from publishers, such as Thomson Corporation, the owner of Westlaw.

The named plaintiffs, and the class members they purport to represent, produced written works for certain defendants on a freelance basis. Based on their copyrights in those freelance works, plaintiffs assert claims for two types of infringement. They first claim that publishers, such as the New York Times Co., infringed their copyrights. This infringement allegedly occurred when the publishers licensed the articles for print publication only but also reproduced the articles in their electronic databases. Since the publishers needed but never received a license for this second, electronic reproduction, plaintiffs allege that it constitutes infringement.

Plaintiffs next claim that the electronic database services infringed their copyrights. This infringement allegedly occurred when those companies licensed the articles from the publishers and then reproduced the articles in their own electronic databases. Because the publishers never possessed the right to electronically reproduce the articles, plaintiffs urge, the publishers could not grant any license for electronic reproduction. Thus, any such license that the publishers sold to the aggregators and databases was legally ineffective. Consequently, according to plaintiffs, the electronic reproduction by the databases is unauthorized and infringing.

Since *Tasini* established the basic soundness of plaintiffs' liability theory, the District Court swiftly referred the parties to mediation. Before the mediator, defendants contended that this litigation possessed scant settlement value because the District Court could never certify the vast majority of the claims for inclusion in any proposed class. Defendants noted that section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in *any* United States work shall be *instituted* until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (emphases in defendants' mediation submission). "That rule," defendants wrote, "whose language could hardly be clearer, precludes the certification of any class respecting works in which a copyright has not been registered." Defendants then cited authority for the proposition that the District Court "lacks jurisdiction ... to certify a class covering any unregistered works." Citing survey evidence showing that freelancers register less than one percent of their works, defendants noted that this jurisdictional failure likely affected more than 99 percent of the claims at issue.

Despite this looming jurisdictional issue, the desire to achieve global peace in the publishing industry spurred the parties through more than three years of "often heated" negotiations until they reached an agreement in 2005. The agreement defines the class, "for settlement purposes only," as follows:

> All persons who, individually or jointly, own a copyright under the United States copyright laws in an English language literary work that has been reproduced, displayed, adapted, licensed, sold and/or distributed in any electronic or digital format, without the person's express authorization by a member of the Defense Group or any member's subsidiaries, affiliates, or licensees (a) at any time on or after August 15, 1997 (regardless of when the work first appeared in an electronic database) or (b) that remained in circulation after August 15, 1997, even if licensed prior thereto, including English language works qualifying for U.S. copy-

right protection under an international treaty (hereinafter "Subject Work").

The parties agree that the large majority of "subject works" have not been registered with the U.S. Copyright Office.

The settlement sorts plaintiffs' claims into three groups. Category A claims concern copyrights that were registered prior to any infringement. Because these copyrights were registered before the infringing reproduction, they are eligible for statutory damages and attorney's fees under the Copyright Act. *See* 17 U.S.C. § 412. Category B claims concern copyrights that were registered *after* the infringing reproduction but before December 31, 2002. Under the Copyright Act, these claims qualify for actual damages only. *See id.* Category C claims, by far the most numerous, regard copyrights registered after December 31, 2002 or not registered at all.

The settlement also assigns a damages formula to each type of claim. Category A claimants receive a flat fee. Category B claimants receive the greater of either a flat fee or a percentage of the original price of the work. By and large, Category C claimants also receive the greater of either a flat fee or a percentage of the original price of the work. Importantly, if the cost of all claims (plus the cost of notice, administration, and attorney's fees) exceeds $18 million, then the amount paid to Category C claimants is reduced—potentially to zero—before the claims of Category A and B claimants are affected. This feature is called the "C-reduction."

Having reached an agreement, plaintiffs and defendants moved the District Court for class certification and settlement approval. Objectors opposed the motion on the ground, *inter alia*, that the settlement was inadequate and unfair to Category C claimants because they were paid little and singled out for reduction if the total claims exceeded $18 million. Objectors also maintained that the disparate treatment of Category C claimants illustrates that named plaintiffs, who each possess at least some registered copyrights, did not adequately represent those absent class members who possess only unregistered copyrights.

Defendants responded that Category C claimants were adequately represented and treated fairly because their claims were essentially worthless. In justifying the C-reduction, defendants renewed their jurisdictional argument, urging that Category C claims mainly concerned "works in which [the] copyright had never been registered, and which were not, therefore, within the court's subject matter jurisdiction." Somewhat similarly, plaintiffs maintained that "freelance authors typically did not register their works and thus lacked standing to bring an infringement action."

After prolonged proceedings, the District Court granted final class certification and final settlement approval in September of 2005. The District Court never considered whether it had jurisdiction to certify a class consisting mostly of claims arising from unregistered copyrights, or to approve a settlement resolving those claims.

Objectors appealed, again challenging the settlement's fairness and the adequacy of named plaintiffs' representation. Prior to oral argument, we became concerned that the District Court and the parties had passed over a nettlesome jurisdictional question. We ordered the parties to submit letter briefs "addressing the issue of whether the District Court had subject matter jurisdiction over claims concerning the infringement of unregistered copyrights." *In re Literary Works in Elec. Databases Copyright Litig.*, No. 05–5943–cv (2d Cir. Jan. 31, 2007). Those submissions were timely filed and we further questioned the parties at oral argument.

## DISCUSSION

We review *de novo* whether the District Court had subject matter jurisdiction. *See, e.g., DiTolla v. Doral Dental IPA of New York,* 469 F.3d 271, 275 (2d Cir.2006). In the following sections, we first ask whether the Copyright Act's registration requirement is jurisdictional and then ask whether each claim within the class must satisfy that requirement. We answer both questions affirmatively. Since most of the claims within this purported class do not satisfy the registration requirement, we also analyze whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, remedies that jurisdictional defect. We conclude that it does not. Based on those determinations, we ultimately hold that the District Court lacked jurisdiction to certify the instant class or approve the settlement.

## I. The Copyright Act's Registration Requirement Is Jurisdictional

■ Federal district courts possess only limited jurisdiction, which Congress regulates by statute. *See* U.S. Const. art. III, § 1; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In a copyright action, a district court initially derives its jurisdiction from two sources: 28 U.S.C. §§ 1331 and 1338. Section 1331 provides district courts with a general grant of original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1338 more specifically grants district courts original jurisdiction over "any civil action arising under any Act of Congress relating to ... copyrights."

But these provisions are not necessarily the end of the matter. Congress may supplement or limit these basic provisions with additional requirements "expressed in a separate statutory section from jurisdictional grants." *Barnhart v. Peabody Coal Co.,* 537 U.S. 149, 159–60 n. 6, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003). Section 411(a) of the Copyright Act, which regulates a district court's authority to adjudicate a copyright claim, is one such additional provision. It provides that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also* 17 U.S.C. § 501.[1]

Whether this requirement is jurisdictional is not up for debate in this Circuit. On two recent occasions, we have squarely held that it is. *See Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp.,* 354 F.3d 112, 114, 115 (2d Cir.2003) (affirming dismissal for lack of "subject matter jurisdiction" because section 411(a)'s "registration requirement is jurisdictional"); *Morris v. Business Concepts, Inc.,* 259 F.3d 65, 72, 73 (2d Cir.2001) (holding "that subject matter jurisdiction was lacking because the registration requirement of section 411(a) was not satisfied" and affirming dismissal "for lack of subject matter jurisdiction").

We are far from alone in this regard; there is widespread agreement among the circuits that section 411(a) is jurisdictional. *See La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1200 (10th Cir.2005) ("Section 411(a) is the jurisdictional lynchpin to copyright infringement actions[.]"); *Positive Black Talk Inc.*

---

1. We note that only "United States works" must be registered. 17 U.S.C. § 411(a). Some claims within the class may arise from unregistered copyrights in foreign works, over which the District Court would possess jurisdiction. We leave it to the District Court and the parties to sort those claims on remand.

*v. Cash Money Records Inc.*, 394 F.3d 357, 365 (5th Cir.2004) (noting that section 411(a) "supplement[s]" the "broad underlying" jurisdictional grants in 28 U.S.C. §§ 1331, 1338 and acts as an additional "jurisdictional prerequisite"); *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir.2003) ("Copyright registration is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act."); *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 630 n. 1 (6th Cir.2001) (noting that while copyright protection exists prior to registration, "[t]he registration requirement under section 411[a] is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court"); *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir.2000) ("It is well settled in this Court that the registration requirement is a jurisdictional prerequisite to an infringement suit." (internal quotation marks omitted and alterations incorporated)); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1163 (1st Cir.1994) (describing registration under section 411(a) as a "jurisdictional requirement").

Given our own binding precedent, not to mention the persuasive authority of our sister circuits, we again conclude that section 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only.

The parties advance several arguments that effectively ask us to overrule our holdings in *Morris* and *Well–Made*. The short answer to these arguments is that this panel simply cannot overrule a prior panel's holding. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court."). Nevertheless, for the sake of completeness we explain why these arguments fail.

The parties first urge that section 411(a) is jurisdictional in a very minimal sense. They claim that if a plaintiff brings a single claim based on a registered copyright, the district court acquires jurisdiction over any and all related copyright claims, even if those other claims arise from unregistered copyrights. Defendants contend that " § 411(a) is merely the plaintiff's ticket to court," that once stamped, allows him to raise all sorts of claims arising from unregistered copyrights. Although defendants are not necessarily bound by earlier arguments, their current tack cuts against their position before the mediator and the District Court, where they broadly maintained that "works in which [the] copyright had never been registered ... were not ... within the court's subject matter jurisdiction."[2]

Anyway, our holding in *Well–Made* shuts the door on this line of argument. There, the plaintiff brought two infringement claims: one based on the infringement of its *registered* copyright in a 20–inch doll, the other based on the infringement of its *unregistered* copyright in a derivative 48–inch doll. 354 F.3d at 115. The district court decided the first claim on the merits but dismissed the second claim for lack of jurisdiction. *Id.* We affirmed on both scores. *Id.* at 115, 117. We specifically upheld the dismissal, for lack of jurisdiction, of the claim based on

---

**2.** The parties have attempted to harmonize their positions by contending that while the District Court lacked jurisdiction to certify a litigation class, it nevertheless had jurisdiction to certify the settlement-only class. But the jurisdictional statutes do not draw this line. We believe that a district court's jurisdiction must be proper in either event; the purpose of the certification does not alter fundamental—and constant—statutory jurisdictional requirements. *See infra* at 125–27.

the unregistered copyright even though the plaintiff had paired that claim with a related claim stemming from the registered copyright in the 20–inch doll. *Id.* at 115–16. Thus, the existence of a claim based on a registered copyright does not bring within a district court's jurisdiction all related claims stemming from unregistered copyrights.

In similar vein, defendants also point out that other courts have enjoined the infringement of unregistered copyrights when at least one of the plaintiff's copyrights-in-suit was registered. *See, e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 487 F.3d 701, 710 n. 1 (9th Cir.2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir.1994); *Pac. and S. Co. v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir.1984). This is another, although more limited, variation on the theme that where one of the plaintiff's claims arises from a registered copyright, section 411(a) vests jurisdiction over any related infringement claim. There are several problems with this argument.

First, we have never held that a district court may enjoin the infringement of unregistered copyrights so long as the underlying action arises from a registered copyright held by the same party.[3] Second, even if injunctive relief against infringement of an unregistered copyright is available, that relief is properly limited to situations, as were found to exist in *Olan Mills* and *Pacific and Southern Co.,* where a defendant has engaged in a pattern of infringement of a plaintiff's registered copyrights and can be expected to continue to infringe new copyrighted material emanating in the future from the plaintiff. *See Olan Mills, Inc.,* 23 F.3d at 1349; *Pac. and S. Co.,* 744 F.2d at 1499. That sort of prophylactic relief furthers the purposes of the Copyright Act generally and does not undermine the intended effect of section 411(a). To the extent that *Perfect 10, Inc.* suggests a broader exception, we decline to follow it. In any event, defendants' position calls for an exception vastly broader than is found in any case by asking us to rule that registration of one party's copyright would somehow provide jurisdiction over claims stemming from the unregistered copyrights of many other parties. We decline to do so.[4]

In addition to the parties' arguments, we have considered whether the Supreme Court's recent decision in *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam), "casts doubt" on *Morris* and *Well–Made;* if so, we may reconsider our holdings in those cases. *Loyal Tire & Auto Center, Inc. v. Town of Woodbury,* 445 F.3d 136, 145 (2d Cir.2006); *see also Paese v. Hartford Life and Accident Ins. Co.,* 449 F.3d 435, 443–46 (2d Cir.2006). We conclude that *Eberhart* does not undermine our holdings in *Morris* and *Well–Made.*

In *Eberhart,* the Supreme Court held that the seven-day time limit for moving under Federal Rule of Criminal Procedure 33 was not jurisdictional. 546 U.S. at 13, 126 S.Ct. 403. The Court underscored the " 'critical difference between a rule governing subject-matter jurisdiction and an inflexible claim-processing rule,' " and slot-

---

3. The single case the parties cite for this proposition, *Sailor Music v. Gap Stores, Inc.,* 668 F.2d 84 (2d Cir.1981) (per curiam), does not even approach the issue, let alone decide it.

4. Objectors also urge that jurisdiction is proper under our decision in *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96 (2d Cir.2005).

Simply put, that case does not address any jurisdictional question and is inapposite. It addresses only the circumstances under which a release comports with due process, and whether a specific settlement was fair to absent class members—issues that are not implicated here.

ted Rule 33's time limit within the latter category. *Id.* (quoting *Kontrick v. Ryan,* 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)).

A key difference between section 411(a) and Rule 33 renders *Eberhart* inapplicable. Rule 33 merely sets forth a time limit for moving in a case that undoubtedly already falls within the district court's subject matter jurisdiction. The rule is nothing more than an " 'emphatic time prescription[ ] in [a] rule[ ] of court' " that regulates motion practice within a jurisdictionally-sound cause of action—namely, a prosecution for a violation of federal law. *Id.* at 18, 126 S.Ct. 403 (quoting *Kontrick,* 540 U.S. at

454, 124 S.Ct. 906). By contrast, section 411(a) creates a statutory condition precedent to the suit itself. In so doing, it " 'delineat[es] the classes of cases ... falling within a court's adjudicatory authority.' " *Id.* at 19 (quoting *Kontrick,* 540 U.S. at 455, 124 S.Ct. 906); *see also Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 2364–65, 168 L.Ed.2d 96 (2007) (distinguishing between "procedural rules adopted by the Court for the orderly transaction of its business," which are "not jurisdictional," from statutory "limits enacted by Congress," which typically are jurisdictional (internal quotation marks omitted)).[5] Given that fundamental differ-

---

**5.** The dissent suggests that because copyright protection may exist before registration, section 411(a) should be seen as a mere "enforcement mechanism" that does not affect jurisdiction. Dissent at 130–31. However, as the dissent acknowledges, the crucial distinction between a claim-processing rule and a jurisdictional bar is whether the provision at issue is "essential to the existence of the [underlying] claim." *Id.* at 130 (quoting *Richardson v. Goord,* 347 F.3d 431, 434 (2d Cir. 2003) (per curiam)); *see also Paese v. Hartford Life Accident Ins. Co.,* 449 F.3d 435, 444–45 (2d Cir.2006); *Coleman v. Newburgh Enlarged City Sch. Dist.,* 503 F.3d 198, 204 (2d Cir. 2007) (Straub, J., concurring). Under the plain language of the Copyright Act, registration or preregistration must occur before a plaintiff can assert a valid claim. *See* 17 U.S.C. § 411(a) (*"no action* for infringement of the copyright in *any* United States work *shall be instituted* until preregistration or registration of the copyright claim has been made in accordance with this title.") (emphases added); 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, *subject to the requirements of section 411,* to institute an action for any infringement.") (emphasis added). In other words, a copyright claim does not exist absent registration or preregistration—and the law is clear that courts lack subject matter jurisdiction over claims that Congress has specified do not yet exist. *See, e.g., Bowles,* 127 S.Ct. at 2365 ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to

consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."). Thus, the fact that a copyright holder may possess rights prior to registration does not alter section 411(a)'s jurisdictional bar; Congress has chosen to prohibit copyright holders—and, hence, courts—from enforcing any such rights until after that holder has filed for registration. *See Brewer–Giorgio,* 216 F.3d at 1285 ("Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit."); *Murray Hill Publ'ns, Inc.,* 264 F.3d at 630 n. 1 (noting that although "[a]n author may have a copyright in all works of authorship regardless of whether he registers that copyright," section 411(a)'s "registration requirement ... is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court").

The dissent places a great deal of emphasis on the fact that section 411(a) provides that a copyright holder "is entitled to institute an action for infringement" if he properly files for registration but is refused registration by the Copyright Office. 17 U.S.C. § 411(a). But this provision only confirms that, absent proper filing for registration, copyright holders are *not* entitled to bring an action in federal court. Indeed, the last sentence of section 411(a) clarifies that the section speaks in jurisdictional terms, as opposed to addressing mere "administrative prerequisite[s],"

ence between Rule 33 and section 411(a), *Eberhart*'s holding does not cast doubt on *Morris* and *Well–Made*.

For these reasons, we conclude that section 411(a)'s registration requirement is a jurisdictional prerequisite to a copyright infringement suit.[6]

## II. Each Claim within the Certified Class Must Satisfy Section 411(a)'s Registration Requirement

■ Having established that section 411(a) imposes a jurisdictional requirement, we must decide whether each claim within the certified class must satisfy that requirement. The parties urge that jurisdiction is proper so long as the named plaintiffs' works were registered. Based upon the named plaintiffs' registrations, the parties maintain, the District Court had jurisdiction to certify a class containing thousands of claims arising from unregistered copyrights. We disagree.

Initially, we note that the class action certification device, Federal Rule of Civil Procedure 23, does not offer any alternative source of jurisdiction in the class action context. *See* 28 U.S.C. § 2072(b) (providing that the federal "rules shall not abridge, enlarge or modify any substantive right"); Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts."); *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). We therefore must look to the language of section 411(a), as well as any applicable case law, to determine how the registration requirement applies in the class action context. *See generally Zahn v. Int'l Paper Co.*, 414 U.S. 291, 299–301, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (reasoning that whether the amount-in-controversy requirement of 28 U.S.C. § 1332(a) applies to each class member's claim depends on the language of statute), *result overruled by* 28 U.S.C. § 1367.

---

Dissent at 130, by noting that so long as a copyright holder properly files for registration, "the Register's failure to become a party shall not deprive the court of jurisdiction to determine [the issue of registrability]." 17 U.S.C. § 411(a).

**6.** The dissent contends that the legislative history of Title 17 "confirms" that section 411(a) is a claim-processing rule and not a jurisdictional bar. Dissent at 130–33. But the legislative history cited by the dissent only confirms the undisputed fact that "registration is not a condition of *copyright protection*." 17 U.S.C. § 408(a) (emphasis added). Under the copyright laws, copyright protection—which "subsists ... in original works of authorship fixed in any tangible medium of expression....," 17 U.S.C. § 102, and generally begins at the time of a work's "creation," 17 U.S.C. § 302(a)—is entirely distinct from whether a copyright holder is permitted to institute an action in federal court. On that score, the legislative history of the Copyright Act and its amendments is crystal clear: Congress intended section 411(a) to prevent courts from hearing the claims of copyright

holders who do not first file for registration. The House Report to the 1976 amendments to the Act, for example, notes that "The first sentence of section 411(a) restates the present statutory requirement that registration must be made before a suit for copyright infringement is instituted." H.R.Rep. No. 94–1476 at 157 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5773. The Report goes on to note that "a copyright owner who has not registered his claim ... cannot enforce his rights in the courts until he has made registration." *Id.* The Senate, in its consideration of the 1988 amendments to the Act, pointed out that "As a result of Section 411(a), compliance with copyright registration procedures is a statutory prerequisite to the right of an author or other copyright proprietor to seek any redress, whether by injunction, damages or both, for infringement of the work," and that without registration, "judicial enforcement of the claim to copyright cannot be obtained." S.Rep. No. 100–352 at 13–14 (1988), *reprinted in* 1988 U.S.C.C.A.N. 3706, 3718–19; *see also id.* at 19, *reprinted in* 1988 U.S.C.C.A.N. at 3724 ("[C]opyright claims in an unregistered work cannot be judicially enforced.").

Again, section 411(a) provides, in relevant part, that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of *the copyright claim* has been made in accordance with this title." 17 U.S.C. § 411(a) (emphasis added). The question, as we see it, is whether the phrase "the copyright claim" refers to all the claims within the class or only those claims of the named plaintiffs.

On the literal level, the language is not dispositive. The phrase "the copyright claim" does not require, or even tend toward, one reading. But case law does provide some useful guidance as to how we should interpret that phrase.

To begin with, we have applied Article III's jurisdictional requirements to each member of a class. *See Denney v. Deutsche Bank AG,* 443 F.3d 253, 264 (2d Cir.2006) ("[N]o class may be certified that contains members lacking Article III standing."). Since statutory and constitutional jurisdictional requirements are equally binding, *see* U.S. Const. art. III, § 1; *Exxon Mobil Corp.,* 545 U.S. at 553, 125 S.Ct. 2611 (noting "the bedrock principle that federal courts have no jurisdiction without statutory authorization"), the same approach should hold here.

And case law indicates that it does. In *Zahn,* the Supreme Court considered whether the diversity statute, 28 U.S.C. § 1332, requires each class member to satisfy the amount-in-controversy requirement. 414 U.S. at 301, 94 S.Ct. 505. The Court held that the phrase "matter in controversy" in § 1332(a) refers to each class member's claim and therefore requires each claim to satisfy the statute's amount-in-controversy requirement. In so holding, the Court reasoned that Rule 23 does not authorize one plaintiff to "ride on another's coattails." *Id.* at 301, 94 S.Ct. 505 (internal quotation marks omitted). In or-

der to alter this result, Congress needed to pass, and did pass, a new statute, 28 U.S.C. § 1367, which we analyze in the next section.

Two years later, in *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court addressed whether a district court properly certified a class of Social Security claimants who asserted that they had been denied benefits wrongfully. Like the Copyright Act, the Social Security Act contains a provision limiting jurisdiction over social security claims: section 205(g) of the Social Security Act, which grants subject matter jurisdiction over only "final" decisions of the Secretary. *Id.* at 763, 95 S.Ct. 2457.

In determining whether the district court had jurisdiction to certify the class in *Weinberger,* the Supreme Court applied this finality requirement to *all* the claims within the class. It concluded that the named plaintiffs' claims satisfied the finality requirement but that claims of absent class members did not. *Id.* at 764, 95 S.Ct. 2457 ("As to class members, however, the complaint is deficient in that it contains no allegations that they have even filed an application with the Secretary, much less that he has rendered any decision, final or otherwise.... The class thus cannot satisfy the requirements for jurisdiction under [section 205(g)]."). Given this statutory jurisdictional defect, "the District Court was without jurisdiction over so much of the complaint as concerns the class, and it should have entered an appropriate order of dismissal." *Id. Weinberger* thus supports the proposition that when a statute imposes a jurisdictional requirement, each member of a putative class must satisfy that requirement.

Four years later, the Court reaffirmed this approach in *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). There, the Court held that section

205(g) of the Social Security Act permits social security claimants to seek relief via the class action device. But the Court carefully reiterated that each class member must meet the jurisdictional requirements of section 205(g). *Id.* at 701, 99 S.Ct. 2545 (holding that claimants could bring social security class action "at least so long as the membership of the class is limited to those who meet the requirements of § 205(g)"). Stating the proposition more generally, the Court wrote, "Where the district court has jurisdiction over the claim of each individual member of the class, Rule 23 provides a procedure by which the court may exercise that jurisdiction over the various individual claims in a single proceeding." *Id.*

We see no reason to interpret or apply the jurisdictional requirement of section 411(a) any differently. In light of these precedents, we hold that the phrase "the copyright claim" in section 411(a) refers to each claim within a purported class, and thus requires that each class member's claim arise from a registered copyright. Only when each claim satisfies that jurisdictional prerequisite may the district court utilize Rule 23 to "exercise [its] jurisdiction over the various individual claims in a single proceeding." *Id.*[7]

## III. The Supplemental Jurisdiction Statute Does Not Apply Here

■ Although section 411(a) deprived the District Court of jurisdiction to certify a class containing claims stemming from unregistered copyrights, the supplemental jurisdiction statute might provide an alternate source of jurisdiction. In relevant part, the statute provides as follows:

> Except as . . . expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).

In *Exxon Mobil Corp.*, the Court held that § 1367(a) confers supplemental jurisdiction in a diversity class action over state law claims that fail to satisfy § 1332(a)'s amount-in-controversy requirement, so long as (1) at least one claim satisfies that requirement and (2) all the other claims are part of the same case or controversy. 545 U.S. at 559–60, 125 S.Ct. 2611. But the Court has never held that § 1367(a) confers supplemental jurisdiction over jurisdictionally-deficient *federal* claims asserted together with another, jurisdictionally-proper claim. *See generally Handberry v. Thompson*, 436 F.3d 52, 62 (2d Cir.2006) ("In 28 U.S.C. § 1367(a), Congress provided federal district courts with so-called supplemental jurisdiction to

---

7. The dissent argues that in the context of a settlement-only class action, jurisdiction exists so long as the plaintiffs possess constitutional standing, even if other statutory jurisdictional prerequisites, such as that erected by section 411(a), are not met. This argument finds no support in the case law and runs afoul of the general rule that the class action device cannot be used to enlarge the jurisdiction of the federal courts. *See Amchem Prods., Inc.*, 521 U.S. at 613, 117 S.Ct. 2231. In the RICO and mass tort contexts posited by the dissent, Congress has erected no additional statutory jurisdictional bars beyond the need for constitutional standing. *See Denney*, 443 F.3d at 266 ("RICO standing is not jurisdictional."). Thus, our holding has no effect on the ability of courts to, for example, certify a class in a mass tort action involving claims that may not yet be ripe because the issue in such cases is standing, not jurisdiction. As we have already explained, section 411(a) is an *additional* jurisdictional bar to the institution of copyright actions, and this bar cannot be ignored solely because this case is a settlement-only class action.

decide *certain state-law claims.*" (emphasis added)).

We think that the text of the statute precludes that sort of application. *See generally United States v. Gayle,* 342 F.3d 89, 92 (2d Cir.2003) ("Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well."). Section 1367(a) excepts from its reach those cases in which another federal statute denies jurisdiction. 28 U.S.C. § 1367(a) (providing supplemental jurisdiction over related claims "[e]xcept as ... expressly provided otherwise by Federal statute"); *Exxon Mobil Corp.,* 545 U.S. at 559, 125 S.Ct. 2611 ("Section 1367(a) commences with the direction that ... other relevant statutes[ ] may provide specific exceptions. ...."); *see also id.* ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, *and there are no other relevant jurisdictional defects,* the district court, beyond all question, has original jurisdiction over that claim." (emphasis added)). In our view, section 411(a) is a federal statute that "provide[s] otherwise" within the meaning of § 1367(a) and presents another "relevant jurisdictional defect[ ]" of the sort to which the Supreme Court alluded in *Exxon Mobil Corp.* After all, federal courts have exclusive jurisdiction over copyright claims, 28 U.S.C. § 1338(a), and section 411(a) bars claims based on unregistered copyrights. It would make a hash of those provisions for us to hold that § 1367(a)—somehow—vests federal courts with jurisdiction over claims based on unregistered copyrights.

True, section 411(a) does not refer to § 1367(a). But we have held that another statute need not expressly refer to § 1367(a) to curtail its reach. *See Handberry,* 436 F.3d at 62 (holding that 18 U.S.C. § 3626(a)(1)(A) limits § 1367(a) even though the former statute makes no reference to § 1367(a)).

For these reasons, we conclude that § 1367(a) did not provide the District Court with jurisdiction over the claims arising from the alleged infringement of unregistered copyrights.

## CONCLUSION

Because the District Court lacked jurisdiction to certify the class and approve the settlement agreement, we VACATE and REMAND for proceedings consistent with this opinion.

JOHN M. WALKER, JR., Circuit Judge, dissenting:

The majority insists that the copyright-registration requirement, 17 U.S.C. § 411(a), presents a "jurisdictional" bar to this class-action settlement. To be sure, in the past we have labeled the copyright-registration requirement as "jurisdictional," at least with respect to an action for damages. The Supreme Court, however, in *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam), urged us to more carefully distinguish between true jurisdictional bars and claim-processing rules that may be waived and to revisit our use of the "jurisdiction" label in that light. Following that instruction and bearing in mind the underlying purpose of 17 U.S.C. § 411(a), as well as our recent holding that not all members of a settlement-only class need to possess a valid cause of action under the applicable law, leads me to conclude that the fact that some of the otherwise presumably valid copyrights have not been registered is an insufficient basis for undoing this class-action settlement.

In *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and *Eberhart,* the DP Supreme Court held that even "emphatic" time prescriptions in the

rules of court are not necessarily "jurisdictional," *Kontrick*, 540 U.S. at 454, 124 S.Ct. 906. It explained, "[c]larity would be facilitated ... if courts and litigants use the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Eberhart*, 546 U.S. at 16, 126 S.Ct. 403 (internal quotation marks omitted). Then, in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), the Court applied *Eberhart* and *Kontrick* to a statute, concluding that the employee-numerosity requirement of Title VII, 42 U.S.C. § 2000e(b), *is not* jurisdictional, noting that "the 15–employee threshold appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts,'" 546 U.S. at 515, 126 S.Ct. 1235. Finally, and most recently, in *Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), the Supreme Court determined that 28 U.S.C. § 2107(a), which explicitly provides that in a civil action "no appeal shall bring any judgment ... before a court of appeals for review unless notice of appeal is filed[ ] within thirty days" of entry of judgment, is jurisdictional. The Court emphasized the jurisdictional significance "of the fact that a time limitation is set forth in a statute," 127 S.Ct. at 2364, and noted that § 2107(a) admits of no exception, *see id.* at 2365 (adverting to the fact that "we have treated the rule-based time limit for criminal cases differently, stating that it may be waived").

As will be explained, I think that § 411(a) is more like the employee-numerosity requirement in *Arbaugh* than it is like § 2107(a) in *Bowles*. Moreover, because Congress passed § 411(a) to *facilitate the enforcement* of copyrights, I conclude that compliance with § 411(a) is a mandatory prerequisite to the accrual of a cause of action for damages, but not a prerequisite to the possession of constitutional standing. Thus this suit falls within the ambit of our holding in *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006), that not all members of a settlement-only class must possess a valid cause of action under the applicable law at the time of settlement.

Plaintiffs are a class of mostly freelance authors whose work has been reproduced without their consent in defendants' electronic databases. An individual infringement suit for damages requires that the plaintiff's copyright be registered; yet few members of the class hold registered copyrights in their work. Of course, should any wish to sue individually, the formality of prior registration could be met. After several years of intense negotiation, and prior to trial (and hence without registration of many of the copyrights held by class members), plaintiffs and defendants reached the comprehensive settlement that is the subject of this appeal. The majority DP vacates that settlement on the basis that the district court lacked jurisdiction over the class because most of its members have not registered their copyrights. For the reasons that follow, I respectfully dissent.

## I. Jurisdiction and Section 411(a)

Section 411(a) of Title 17 provides that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." I turn first to the text of § 411(a) and ask whether it speaks in "jurisdictional" terms. *See Leocal v. Ashcroft*, 543 U.S. 1, 8, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). It does not. *See Boos v. Runyon*, 201 F.3d 178, 182 (2d

Cir.2000) ("The statutory provision allowing employees of federal agencies to sue in district court [i.e., 42 U.S.C. § DP 2000e–16(c) ] sets forth certain prerequisites to suit. In doing so, it does not speak in expressly jurisdictional terms." (emphasis added)). *Compare Arbaugh*, 126 S.Ct. at 1244 (noting that plaintiff "invoked federal-question jurisdiction under § 1331, but her case '[arose]' under a federal law, Title VII, that specifies, as a prerequisite to its application, the existence of a particular fact"), *with* Maj. Op. at 121 ("In a copyright action, a district court initially derives its jurisdiction from two sources: 28 U.S.C. §§ 1331 and 1338.").

Section 411(a) does not, by its terms, provide the copyright holder with any of the sticks in his bundle of rights. *Cf.* 17 U.S.C. §§ 106–122 (discussing copyright holder's rights). Indeed, it is addressed to the copyright holder, not the courts, cf. 28 U.S.C. § 2107(a) (speaking to the courts); *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 107 (2d Cir.2006) (noting that 8 U.S.C. § 1252(d) stipulates that courts of appeals may review only "final order[s] of removal"), *amended and superseded* by 480 F.3d 104 (2d Cir.2007), and it simply sets forth a prerequisite to suit-namely, registration. Furthermore, as 17 U.S.C. § 501(b) makes clear, § 411(a) speaks not to rights but to the means of their vindication. It stipulates, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to *institute an action for any infringement of that particular right* committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added).

As we have emphasized, the distinction between a rights-creating statute and an enforcement mechanism is an important one: we typically consider the latter a claim-processing rule within the meaning of *Eberhart.* For instance, in *Richardson v. Goord,* 347 F.3d 431 (2d Cir.2003) (per curiam), we concluded that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") is a claim-processing rule because exhaustion is not "essential to the existence of the claim, ... and therefore to DP the presence of an Article III case or controversy," *id.* at 434 (internal quotation marks and citation omitted); *see also Coleman v. Newburgh Enlarged City Sch. Dist.,* 503 F.3d 198, 209 n. 1 (2d Cir.2007) (Straub, J., concurring); *Boos,* 201 F.3d at 182 (holding that Title VII's exhaustion requirement is not jurisdictional and may be waived). Similarly, registration is not essential to the existence of a copyright claim or, as is discussed below in Part II, to the presence of an Article III case or controversy. Section 411(a) provides that even if registration has been refused by the Copyright Office, "the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.... [T]he Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue." 17 U.S.C. § 411(a). Thus, the registration requirement appears simply to be a procedural or "administrative prerequisite[ ]," *Boos,* 201 F.3d at 183, to ensure that the "deposit, application, and fee ... have been delivered to the Copyright Office in proper form," 17 U.S.C. § 411(a). And failure to comply with an administrative prerequisite "would not deprive district courts of jurisdiction." *Boos,* 201 F.3d at 183. Indeed, under § 411(a), district courts' jurisdiction is not disturbed by the denial of registration or by the Register's failure, in that event, to become a party to the litigation.

Second, the legislative history of Title 17 confirms that § 411(a) does not create rights but is rather like the enforcement mechanisms or claim-processing rules in

*Kontrick, Eberhart*, and *Arbaugh. See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."); H.R.Rep. No. 94–1476, at 152 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5768 ("Except where, under section 405(a), registration is made to preserve a copyright that would otherwise be invalidated because of omission of the notice, registration is not a condition of copyright protection."); *see also id.* at 157 ("Under [§ 411(a) ], a copyright owner who has not registered his claim *can have a valid cause of action* against someone who has infringed his copyright, but he cannot *enforce* his rights in the courts until he has made registration." (emphasis added)).

Congress passed § 411(a) to implement a policy preference that courts, before they process a copyright claim, should consider the views of the Copyright Office, whose duty is to determine whether " 'the material deposited constitutes copyrightable subject matter and the other legal and formal requirements of [Title 17] have been met.' " H.R.Rep. No. 94–1476, at 156, 1976 U.S.C.C.A.N. at 5772. Indeed, "[t]he Copyright Office certificate of registration is prima facie evidence of the facts stated therein. This has generally been held to mean prima facie proof of ownership and validity." *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1092 n. 1 (2d Cir.1977) (citation omitted); see *Paul Morelli Design, Inc. v. Tiffany & Co.,* 200 F.Supp.2d 482, 485–486 (E.D.Pa.2002) (discussing deference due the Copyright Office); H.R.Rep. No. 94–1476, at 156–67, 1976 U.S.C.C.A.N. at 5772–83 ("Under section 410(c), a certificate is to 'constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.' The principle that a certificate represents prima facie evidence of copyright validity has been established in a long line of court decisions, and it is a sound one."). In this respect, § 411(a) is like other statutory exhaustion requirements, which are designed to permit agencies to pass first on contested questions, the resolution of which requires a certain quantum of expertise, and most such exhaustion requirements are not jurisdictional.[1] *See, e.g., Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118–20 (2d Cir.2007) (discussing the Immigration and Nationality Act and holding that the mandatory requirement of issue exhaustion in asylum cases was not a jurisdictional prerequisite to review and that failure to exhaust could be waived); *Paese v. Hartford Life Accident Ins. Co.,* 449 F.3d 435, 446 (2d Cir. 2006) (ERISA); *Boos,* 201 F.3d at 182 (Title VII); *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 n. 2 (2d Cir.1988) (Labor Management Relations Act of 1947). Furthermore, because this suit was settled before trial, the views of the Copyright Office are unhelpful; the copyright registration requirement only serves its statutory purpose when a cause is litigated, not settled.

1. In fact, the copyright-registration requirement is *less* stringent than the exhaustion requirement of Title VII: a copyright holder need not obtain a "right to sue" letter from the relevant administrative body. *Compare* 42 U.S.C. § 2000e–5(e)–(f), *with* 17 U.S.C. § 411(a) (noting that when "the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement"), 2–7 *Nimmer on Copyright* § 7.16[B][1][a][I] ("[A] party who seeks to register may proceed to litigate the claim, regardless of whether the Copyright Office ultimately issues the certificate, or by contrast denies it."), *and* 17 U.S.C. § 410(d) ("The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or *by a court of competent jurisdiction to be acceptable* ... have all been received." (emphasis added)).

The legislative history of the Copyright Act also suggests that registration, rather than being a prerequisite to federal jurisdiction, is a prerequisite to certain remedies—namely statutory damages and attorney's fees. *See* H.R. No. 94–1476, at 158, 1976 U.S.C.C.A.N. at 5774; *see also* 17 U.S.C. § 412. Registration furthers the important policy behind copyright of disclosing works and making them part of the public domain. But because registration is not required for copyright protection, the Copyright Act provides the additional remedies of statutory damages and attorney's fees as incentives to register. See H.R. No. 94–1476, at 158, 1976 U.S.C.C.A.N. at 5774 ("The need for section 412 arises from [the fact that] ... [c]opyright registration for published works, which is useful and important to users and the public at large, would no longer be compulsory, and should therefore be *induced* in some practical way." (emphasis added)).

Third, § 411(a) is riddled with jurisdictionally recognized exceptions. Cf. *Bowles*, 127 S.Ct. at 2365 n. 4 (noting that jurisdictional requirements are seldom waivable); *Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir.2006) (noting that the Title VII exhaustion requirement is not jurisdictional because it " 'is subject to waiver, estoppel, and equitable tolling' " (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982))); *Mosely v. Bd. of Educ.*, 434 F.3d 527, 532–33 (7th Cir.2006). For instance, courts routinely permit plaintiffs to file suit before applying for a copyright or while the Copyright Office is considering their application. See *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir.1984) (permitting plaintiff to file suit despite the fact that the Copyright Office had yet to act on his application); *see also Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 366 (5th Cir.2004) ("The notion that the supplemental pleading cures the technical de-fect, notwithstanding the clear language of § 411, is consistent with the principle that technicalities should not prevent litigants from having their cases heard on the merits."); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488–89 (11th Cir.1990); *J. Racenstein & Co., Inc. v. Wallace*, No. 96 CIV. 9222, 1997 WL 605107, at *1–2 (S.D.N.Y. Oct.1, 1997). The general exception that allows post-suit registration is particularly telling because "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' " *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)).

Moreover, as the majority notes, several circuits have seen fit to enjoin the infringement of an unregistered copyright. See *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 710 n. 1 (9th Cir.2007); *Olan Mills Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir.1994); *Pac. & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 & n. 17 (11th Cir.1984). These circuits have reasoned that, by the very language of 17 U.S.C. § 502(a), "[t]he power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action." *Olan Mills*, 23 F.3d at 1349; *see also* 17 U.S.C. § 502(a) (providing that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright" (emphasis added)); *Perfect 10, Inc.*, 487 F.3d at 710 n. 1 ("[T]he Copyright Act gives courts broad authority to issue injunctive relief."); *Pac. & S. Co., Inc.*, 744 F.2d at 1499 n. 17. Permitting district courts to enjoin the infringement of unregistered copyrights is not only consistent with § 502(a), but also gives meaning to § 408(a)'s provision that "registration is not a condition of copyright protection," and to the congressional policy of making available the *additional* remedies of statutory damages and attorney's fees to those

who register. *Cf. Walker Mfg., Inc. v. Hoffman, Inc.,* 220 F.Supp.2d 1024, 1039 (N.D. Iowa 2002) ("Where the owner of an unregistered copyright seeks injunctive relief, as opposed to statutory damages, the Eighth Circuit Court of Appeals has held such an action is viable even in the absence of copyright registration.").

Finally, it is evident that § 411(a) in not a definitive limitation on the court's power, characteristic of a jurisdictional provision, from § 411(a)'s. explicit exception of foreign works from its reach. See 17 U.S.C. § 411(a) (discussing "United States work[s]"). The history of this exception further counsels concluding that § 411(a), unlike jurisdictional provisions, is not meant to be inflexible. In discussing possible ways to amend the Copyright Act to bring it into compliance with the Berne Convention,[2] the Senate Judiciary Committee argued that because

> [r]egistration ... [while] not, technically speaking, a condition for the existence of copyright, .... is, however, a precondition for the exercise of any of the ... rights conferred by copyright, ... [the] metaphysical distinction between the existence of a right to prevent unauthorized use of a copyrighted work, and the exercise of that right, [should not be] maintain[ed].

S.Rep. No. 100–352, at 16–17 (1988), *reprinted in* 1988 U.S.C.C.A.N. 3706, 3721–22. Although the House did not endorse the Senate's view, Congress as a whole was able to reach consensus on an amendment to the Act only because it deemed § 411(a) a "formality," and the Berne Convention did not forbid signatories from "'impos[ing] [formalities] ... on works first published in its own territory.'" *La Resolana Architects, PA v. Clay Realtors Angel Fire,* 416 F.3d 1195, 1206 & n. 11 (10th Cir.2005).

Taken together, § 411(a)'s language, legislative history, jurisdictional excep-

tions, and exception for foreign works strongly indicate that the registration requirement is more akin to a claim-processing rule than a jurisdictional prerequisite.

## II. Constitutional Standing in the Class–Action Context and Section 411(a)

This appeal concerns the pre-trial settlement of a class action. Whether or not § 411(a) is a claim-processing rule, compliance with its requirements is not necessary for a copyright plaintiff to have constitutional standing. Indeed, as the Seventh Circuit has aptly explained, it is hard to see how the filing of an administrative claim could ever be the prerequisite to asserting constitutional injury. *See Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir.1999) (explaining under the Prison Litigation Reform Act that "Perez was injured (if at all) by deficiencies in medical treatment; an administrative claim is not essential to a case or controversy").

And, in the class-action context, there is a distinction between constitutional standing, which is always required, and statutory standing, which is not required of all members of a settlement-only class. *See In re Lorazepam & Clorazepate Antitrust Litig.,* 289 F.3d 98, 107–08 (D.C.Cir.2002) (holding in an antitrust class action that "[u]nlike constitutional standing, this court's jurisdiction does not turn on antitrust standing"). *Compare Denney,* 443 F.3d at 264 (noting that all members of a settlement-only class must have constitutional standing), *with id.* at 265 ("The future-risk members of the *Denney* class have suffered injuries-in-fact, irrespective of whether their injuries are sufficient to sustain any cause of action.").[3] For instance, in *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113 (2d Cir.2003), a RICO class action, we held that RICO standing was not

---

2. Convention for the Protection of Literary and Artistic Works, Sept. 9, 1886 (Paris Text 1971), S. Treaty Doc. No. 99–27 (1986).

3. I thus disagree with the majority that all members of a settlement—only class must possess both constitutional and statutory standing. *Cf.* Maj. Op. at 126.

"jurisdictional," at least in the class-action context. We explained that "plaintiffs' lack of statutory standing does not divest the district court of original jurisdiction over the ... action." *Id.* at 130. And we went on to conclude that the district court could exercise supplemental jurisdiction over plaintiffs' state-law claims despite the fact that certain members of the plaintiff class lacked RICO standing. *Id.* at 125–26 (noting that if plaintiffs' lack of RICO standing did erect a jurisdictional bar to their RICO claims, "the district court did not have 'original jurisdiction' over the action because the RICO claim was the only federal claim and, for the ... plaintiffs, the only basis for subject matter jurisdiction"). We emphasized that RICO standing was "sufficiently intertwined with the merits," *Lerner,* 318 F.3d at 128, and thus not jurisdictional.

Drawing such a distinction between constitutional standing, the absence of which deprives the court of authority to redress harm to that plaintiff, and statutory standing, the absence of which may be waived, makes particular sense in the settlement context. We have, for example, approved the settlement of mass-tort lawsuits involving plaintiffs who have been exposed to toxic substances and therefore run the risk of incurring actionable injuries at some point in the future—but who, while they may have constitutional standing, surely could not survive a motion to dismiss for failure to state a claim were they to bring their case to trial. *See, e.g., In re Agent Orange Prod. Liab. Litig.,* 996 F.2d 1425 (2d Cir.1993). And I am not disposed to undo such settlements because certain class members may not, at the moment of settlement, possess the statutory cause of action that they could have in the future and could then litigate. *Cf.* H.R.Rep. No. 94–1476 ("[A] copyright owner who has not registered his claim can have a valid cause of action against someone who has infring-

ed his copyright, but he cannot enforce his rights in the courts until he has made registration.").

A plaintiff alleging copyright infringement must show ownership of a valid copyright and copying by the defendant, *Warner Bros. Inc. v. Am. Broad. Cos.,* 654 F.2d 204, 207 (2d Cir.1981); the registration requirement, and resulting opinion of the Copyright Office, bear upon the validity of the copyright and its ownership and thus "go[ ] to the merits of the action," cf. *Lerner,* 318 F.3d at 129. But a plaintiff alleging copyright infringement has suffered an injury-in-fact whether or not he has registered his copyright. As the Eighth Circuit has explained, "infringement itself is not conditioned upon registration of the copyright." *Olan Mills,* 23 F.3d at 1349. Thus, all members of the plaintiff class—whether or not they have registered their copyrights—have been *injured* by defendants if we assume the truth of plaintiffs' allegations.

The other two requirements of Article III standing—an injury that is traceable to the challenged action and redressable by a favorable decision—are also satisfied in this case. *See, e.g., Denney,* 443 F.3d at 263, 266. Plaintiffs' injuries are a direct result of defendants' infringement and would be redressed by an award of damages for their economic losses. Plaintiffs therefore have standing in the constitutional sense.

Finally, as I noted in Part I, claim-processing rules are not essential to the presence of an Article III case or controversy, *Richardson,* 347 F.3d at 434. That plaintiffs have established an Article III case or controversy regardless of whether they have registered is further support for the conclusion that § 411(a)'s registration requirement is a claim-processing rule rather than a jurisdictional prerequisite,

and that plaintiffs' settlement should not be disturbed.

### III. *Well–Made Toy, Morris,* and *Weinberger* Are Distinguishable

In concluding that § 411(a) is "jurisdictional," the majority relies on two decisions of our court—*Well-Made Toy Manufacturing Corp. v. Goffa International Corp.*, 354 F.3d 112 (2d Cir.2003), and *Morris v. Business Concepts, Inc.*, 259 F.3d 65 (2d Cir.2001)—that attach the "jurisdictional" label to § 411(a). I have already sought to explain why we should reconsider our too-facile use of the jurisdictional label in the wake of *Eberhart*.[4] Cf. *Coleman*, 503 F.3d 198, 204 ("Recently, ... the Supreme Court has admonished lower courts to more carefully distinguish between jurisdictional rules and mandatory claims-processing rules."). I now explain why those cases, in any event, offer only equivocal support.

The plaintiff in *Well–Made Toy*, for instance, manufactured two similar rag dolls, differing principally in their size. Although it registered a copyright in only the smaller of the two dolls, 354 F.3d at 114, Well–Made Toy sought damages from the defendant based on the defendant's alleged reproduction of the larger of the two dolls. In concluding that Well–Made Toy could not maintain such a suit, we distinguished *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739 (2d Cir.1998). In *Streetwise Maps*, while the plaintiff had registered a copyright in only the second of two maps it published (as in *Well–Made Toy*), the second map incorporated the substance of the first map (unlike the dolls in *Well–Made Toy*); and thus, we conclud-

ed, the "registration certificate [for the second map] ... suffice[d] to permit [the plaintiff] to maintain an action for infringement based on defendants' infringement [of its unregistered copyright in the first map]." *Id.* at 747. The difference between *Well–Made Toy* and *Streetwise Maps* was a matter of logic, not locution: "Because a derivative work is cumulative of the earlier work, it is *logical* that the registration of the derivative work would relate back to include the original work, while registration of the original material would not carry forward to new, derivative material." *Murray Hill Publ'ns v. ABC Commc'ns, Inc.*, 264 F.3d 622, 632 (6th Cir.2001) (emphasis added), *cited in Well–Made Toy*, 354 F.3d at 116.

*Morris v. Business Concepts, Inc.* is equally unhelpful to the majority. In that case, while we did say that "subject matter jurisdiction was lacking because the registration requirement of § 411(a) was not satisfied," 259 F.3d at 72, we also asserted, without mentioning "jurisdiction," that "proper registration is a prerequisite to an action for infringement," *id.* at 68 (citing *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 453 (2d Cir.1989)). Thus, *Morris* is hardly a beacon of clarity. Cf. *Paese*, 449 F.3d at 443 (discussing the opacity of the court's precedent respecting exhaustion under ERISA).

The majority likewise relies upon *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), to support its contention that each member of a settlement-only class must satisfy the "jurisdictional" requisites to a suit under the Copyright Act-including, as it so happens, § 411(a).

---

4. I note in passing that although in *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n. 3 (2d Cir.1999), we "suggested in dictum that RICO's causation requirement raises a jurisdictional issue," *Lerner*, 318 F.3d at 128 (discussing *Moore*), the author of the majority opinion in the instant case recently joined *Lerner*, which dismissed that suggestion and held that " 'RICO standing' ... is not jurisdictional in nature," *id.* at 129 (Sotomayor, J., joined by Straub & Goldberg, JJ.).

But the majority misses the point: *Weinberger* supports the conclusion that the essential question is whether compliance with a statutory exhaustion requirement is necessary for plaintiffs to have constitutional standing. And, indeed, in *Weinberger* it was. See *Perez*, 182 F.3d at 535–36 (discussing *Weinberger* and noting that waiting too long to sue "can be a jurisdictional shortcoming, if the step omitted before suit is essential to ... the presence of an Article III case or controversy"); *see also Richardson*, 347 F.3d at 434. *Weinberger* involved 42 U.S.C. § 405(g), a provision of the Social Security Act that channels social security and medicare claims through an administrative process and precludes federal courts from exercising general federal question jurisdiction over such claims. The Court explained, "it is the Social Security Act which provides both the *standing* and the substantive basis for the presentation of th[e] constitutional contentions." *Weinberger*, 422 U.S. at 760–61, 95 S.Ct. 2457 (emphasis added); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) ("[T]he bar of § 405(h) reaches beyond ordinary administrative law principles of 'ripeness' and 'exhaustion of administrative remedies.'"); *Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (holding that the bar to the exercise of federal question jurisdiction applied only when "both the *standing* and the substantive

basis for the presentation" of a claim was the Medicare Act (emphasis added)). But, as I have already explained, in this case, constitutional injury does not depend upon compliance with § 411(a): whether or not they have registered their copyrights, all members of the class in this case have suffered sufficient injury to satisfy Article III.

For the foregoing reasons, I would not dismiss the settlement on jurisdictional grounds.[5] I respectfully dissent.

---

**5.** On the merits, the failure to create a subclass consisting of those members holding primarily "C-class" claims, and separate representation for those members, is a serious problem in my view, because the named representatives hold more "A-class" and "B-class" claims than most class members, and thus have an incentive to favor holders of A- and B-class claims over holders of primarily C-class claims. *Cf. United Ind. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1274, 1284 (7th Cir.1985) ("No named plaintiff is a member of subclass 2 *alone*.") (emphasis added); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir.1977). Objectors point out that such favoritism may have occurred-as the so-called "C-reduction," *see* Maj. Op. at 120, ensures that C-class claim holders are paid little or perhaps nothing. Nevertheless, the majority's conclusion today reduces the value of unregistered copyright claims to zero, rendering the merits of the settlement a moot point.